[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
CT Page 391-E
This is an action sounding in malpractice brought against a hospital on behalf of a minor child to recover damages arising out of her birth delivery in October, 1994. In count two, the mother seeks to recover for her emotional damages arising from the defendant's alleged failure to make a timely delivery and the "global injuries suffered by her daughter." Defendant hospital moves to strike count two because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action. Plaintiff argues that this count should be sufficient at law because of the direct physician-patient relationship between the physician and the mother and the unique physical relationship between the mother and child.
The holding in Maloney v. Conroy, 208 Conn. 392 (1988) which bars a recovery for third party emotional distress in a medical malpractice action has not been modified, as respects this case, by the recent case of Clohessy v. Bachelor,337 Conn. 31 (1996) which did not involve a claim of medical malpractice. A recent Superior Court decision has granted a motion to strike a mother's claim for emotional distress in a fact situation strikingly similar to this case. Sanangelo, etCT Page 391-Fal. v. Lewis, 17 Conn. L.Rptr. No. 20, 689 (December 2, 1996 Fineberg J.) See, in accord Brock Admin., et al v. IllsukOh, 15 CLT 22 (June 5, 1989 Aronson, J.)
It may be that the intimacy of the relationship between a mother and a birthing child is so unique as to invite a special rule permitting the mother to recover emotional damages in the event of negligence to the child by a physician in the birthing process. Perhaps such a special rule should also apply to fathers and other family members who may be present at the birthing process. These situations may be possible subjects of legislative debate, but at this time do not give rise to viable malpractice actions in Connecticut.
Motion to strike count two granted.
Wagner, J. T. R.